**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile: (213) 383-7368
E-Mail: maimons@aol.com

Attorney for Plaintiffs
SUSILA BHAKTA,
BIPINKUMAR BHAKTA,
VASANTKUMAR BHAKTA,
Individually and as Co-Trustees
of THE BHAKTA FAMILY TRUST
DATED JANUARY 28, 1998, as
amended

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SUSILA BHAKTA; BIPINKUMAR BHAKTA; VASANTKUMAR BHAKTA, Individually and as Co-Trustees of THE BHAKTA FAMILY TRUST DATED JANUARY 28, 1998, as amended,

Plaintiffs,

v

VIJAYKUMAR BHAKTA; DOES 1-10 INCLUSIVE,

Defendants.

**Case No.:**

**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**

**[VIOLATION OF FEDERAL CIVIL RIGHTS AND RICO]**

**DEMAND FOR JURY TRIAL**

Plaintiffs SUSILA BHAKTA, BIPINKUMAR BHAKTA, VASANTKUMAR BHAKTA, Individually and as Co-Trustees of THE BHAKTA FAMILY TRUST DATED JANUARY 28, 1998, as amended (collectively "Plaintiffs" or individually "SB," "BB," "VB") hereby file the following Complaint and state and allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the federal court exists under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1964, and 42 U.S.C. Sections 3601, et seq.. This action which arises under the laws of the United States, and involves violations of federal law actionable under 18 U.S.C. Section 1964(c), and 42 U.S.C. Section 3601, et seq.

**PARTIES**

2. Plaintiff SB is an individual and a resident of Orande County, CA.

3. Plaintiff BB is an individual and a resident of Orange County, CA.

4. Plaintiff VB is an individual and a resident of Orange County, CA.

5. Defendant VIJAYKUMAR BHAKTA ("Defendant" or "VKB") is an individual and a resident of Orande County, CA.

6. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs are unknown to them at this time. Plaintiffs are informed and believes and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred

to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff SB and her late husband, DHIRU BHAKTA ("DB") have three the plaintiffs BB, VB and defendant VKB.

8. On or about January 28, 1998, plaintiff SB and DB created THE BHAKTA FAMILY TRUST, DATED JANUARY 28, 1998 ("Bhakta Trust") and names SB and DB as co-settlors and co-trustees.

9. The Bhakta Trust provided that upon the death of the first spouse, the Trustee is instructed to split the Bhakta Trust into two sub-trusts – the surviving spouse's "A" Trust ("A Trust") and the deceased spouse's "B" bypass trust ("B Trust").

10. DB passed away on August 17, 2013.

11. At the time of DB's death, the Bhakta Trust owned multiple real properties in Orange County, CA, including a transient motel commonly known as the WAGON WHEEL MOTEL located at 1405 E. 1st St., Santa Ana, Ca 92701 ("Motel").

12. All the real properties owned by the Bhakta Trust at the time of DB's death, including the Motel, was community property.

13. Upon DB's death, the A Trust remains fully revocable by plaintiff SB, and the B Trust became irrevocable, with SB entitled to all the income of Trust B, with

the power to invade he principal of Trust B if she and at least one other co-trustee deem it necessary for her health, maintenance, and support, according to her accustomed standard of living.

14. Plaintiff SB may also request from the co-trustees (herself and the other co= trustees) of the B Trust an amount of up to an amount of the greater of either $5,000 or 5% of the principal per calendar year.

15. Plaintiff SB and her sons, plaintiffs BB and VB, are presently acting as co-trustees of the Bhakta Trust, including the B trust, under an amendment to the Bhakta Trust fully agreed upon by plaintiffs SB and BB and VB on February 17, 2022.

16. Pursuant to the Bhakta Trust, plaintiffs BB and VB were named as having the authority to act as successor trustees upon the death of both plaintiff SB and DB, with plaintiff BB acting as the first successor trustee, and then upon his resignation, or inability to act as a sole successor trustee, the next successor trustee named is plaintiff VB.

17. Strikingly, the Bhakta Trust does not permit the defendant VKB, who is the older brother of plaintiffs BB and VB, to act as a successor trustee, and limits that any distribution of the Bhakta Trust that is to be made to him, upon the surviving spouse's death, must be held in a separate irrevocable trust, to be administered by the successor trustee, which said successor trustee in his discretion is permitted to make distributions of income and principal as he deems, in his sole discretion, necessary for defendant VKB's proper support, maintenance, and education.

18. Pursuant to the Bhakta Trust, upon the death of defendant VKB, the remaining interest and principal in the separate irrevocable trust for his benefit is then to be distributed to his children and his issue in the manner provided for in the Bhakta Trust.

19. The Bhakta Trust does not provide any similar limitations on distributions to the plaintiffs BB and VB upon the death of the surviving spouse, and BB and VB are to receive their distributions directly and with no limitations. A copy of the Bhakta Trust

and the acceptance to the February 17, 2022 amendment to the Bhakta Trust are attached hereto as Exhibits "A" and "B".

20. The reason that plaintiff SB and DB established the Bhakta Trust with the provisions set forth in paragraphs 16 to 19 above, is because they knew and understood that the defendant VKB was mentally unstable and dangerous, and could not be trusted to properly administer and care for the Bhakta Trust assets for any of the beneficiaries, including himself.

21. Throughout the defendant VKB's lifetime, he has not provided sufficiently for himself or his wife and children, and depended for his support from plaintiff SB and DB, and his brothers BB and VB.

22. At all material times herein, including in the past two years prior to the filing of this complaint, the defendant VKB has acted in a violent and abusive manner to his mother, plaintiff SB, who resides at the Motel with him and his wife and family, including physically harming and screaming and emotionally abusing her. At all times' material herein, the plaintiff SB is, and was a female over the age of 70 years of age, and physically ill.

23. At all material times herein, including in the past two years prior to the filing of this complaint

24. Plaintiffs have been severely damaged in both economic and non-economic damages. the CITY OF SANTA ANA ("City") law enforcement has entered the Motel to investigate calls for service of domestic abuse by the defendant VKB, including arresting him on one occasion.

25. On September 3, 2025, VKB filed a petition in the Orange County Superior Court against his mother SB, and his brothers BB and VB, requesting the state court remove SB, BB, and VB as co-trustees of the Bhakta Trust, for a restraining order regarding the use of the trust assets, and requesting a report regarding his interest in the Bhakta Trust and to post a bond, making false and perjurious allegations that BB and

VB were taking advantage of SB and misappropriating funds for their benefit from the Bhakta trust ("State Case").

26. The State Case is entitled In re: The Bhakta Family Trust Dated January 28, 1998, as allegedly amended, Vijaykumar Bhakta v Susila Bhakt, et al.; Orange County Superior Court Case No. 30-2025-01508744-PR-TR-CMC.

27. The claims made in the State Case are wholly false and perjurious, as the defendant VKB knowingly and willingly made such false allegations, signed under penalty of perjury, upon the knowledge, advice and consent of his counsel of record in the State Case, Noah B. Herbold, Esq., and Brian J. Wheat, Esq., and their law firm, Mortensen & Reinheimer, PC, located at 2855 Michelle Drive, Suite 120, Irvine, CA 92606 (collectively "MRPC").

28. As a result of the defendant VKB's false and perjurious allegations in the State Case, knowing that the allegations are false and perjurious filed the State Case against SB, BB, and VB, and have done so in order to gain an economic advantage to obtain ownership and control of the Bhakta trust assets for the sole benefit of the defendant VKB and his wife and children.

29. The State Case is still pending and has not yet gone to a trial or a final judgment.

30. In doing the actions set forth above, and as set forth in paragraphs 25-28 above, the defendant VKB, and the defendants, and each of them, used instrumentalities of the United States mail on multiple occasions in communicating with each other, and with MRPC, and the plaintiffs SB, BB, and VB, in order in order to gain an economic advantage to obtain ownership and control of the Bhakta Trust assets for the sole benefit of the defendant VKB and his wife and children, which constitutes a federal crime under 18 U.S.C. Sections 134, mail fraud

31. Based on the foregoing, Plaintiffs allege the following claims for relief.

**FIRST CLAIM OF RELIEF**

**(Violation of 18 U.S.C. Section 1964(c) by All Plaintiffs Against All Defendants)**

32. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-31 above.

33. The actions of the defendant VKB, and the defendants, and each of them, constitutes a federal crime under 18 U.S.C. Section 1341, U.S. mail fraud.

34. Said defendants, and each of them, agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding the Orange County Superior Court, and its court officers in order to gain in order to gain an economic advantage to obtain ownership and control of the Bhakta trust assets for the sole benefit of the defendant VKB and his wife and children, with the use of the instrumentalities of the U.S. mail, in violation of 18 U.S.C. Sections 1341, constituting a pattern of racketeering activity pursuant to 18 U.S.C. Sections 1961(1) and (5).

35. Said defendant VKB, and the defendants, and each of them, and MRPC have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering activity above.

36. As a proximate result of the foregoing actions of the defendant VKB, and the defendants, and each of them, racketeering activities, and violations of 18 U.S.C. 1961 (1), (5), and 18 U.S.C. 1964©, plaintiffs, and each of them, has been injured in their business and according to proof at trial but not less than $10,000,000.00 against each defendant, including but not limited to defendant VK, and appropriate declaratory and injunctive relief. Plaintiffs are also entitled to their reasonable attorney's fees and treble damages and costs under 18 U.S.C. Section 1964©.

**SECOND CLAIM OF RELIEF**

**(Violation of 42 U.S.C. Section 3601, et seq. by Plaintiff SB Against All Defendants)**

37. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-36 above.

38. The actions of the defendant VKB, and the defendants, and each of them, constitute violations of plaintiff SB under 42 U.S.C. Section 3601, et seq., the federal Fair Housing Act ("FHA"), which prohibits discrimination in housing based on race, color, religion, sex, disability or familial status.

39. The FHA protects against sex or familial discrimination, including sexual harassment, or harassment or discrimination based on familial status, and applies to anyone in a housing context.

40. 42 U.S.C. Section 3631, part of the FHA, makes it a federal crime to use force or threats to interfere with someone's housing rights due to their race, color, religion, sex, disability or familial status, with penalties increasing for serious harm such as bodily injury.

40. The actions of the defendant VKB, and the defendants, and each of them, have created a hostile living environment at the Motel for the plaintiff SB.

41. As a proximate result of the foregoing actions of the defendant VKB, and the defendants, and each of them, plaintiff SB has been injured in an amount according to proof at trial but not less than $20,000,000.00 against each defendant, and to appropriate declaratory and injunctive relief. Plaintiff SB is also entitled to punitive damages and to her reasonable attorney's fees and costs under 42 U.S.C. Section 3613(f).

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

**<u>FIRST CLAIM FOR RELIEF</u>**

1. For damages according to proof at trial but believed to be not less than $10,000,000.00;
2. For treble damages;
3. For declaratory and injunctive relief;
4. For attorney's fees;

**SECOND CLAIM FOR RELIEF**

5. For damages according to proof at trial but believed to be not less than $20,000,000.00;

6. For punitive damages;

7. For declaratory and injunctive relief;

8. For attorney's fees;

**FOR ALL CLAIMS FOR RELIEF**

9. For costs of suit;

10. For such other and further relief as the Court deems proper.

Dated: January 9, 2026 LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser

FRANK A. WEISER, Attorney for for Plaintiffs SUSILA BHAKTA, BIPINKUMAR BHAKTA, VASANTKUMAR BHAKTA, Individually and as Co-Trustees of THE BHAKTA FAMILY TRUST DATED JANUARY 28, 1998, as amended

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: January 9, 2026 LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser

FRANK A. WEISER, Attorney for
for Plaintiffs SUSILA BHAKTA,
BIPINKUMAR BHAKTA,
VASANTKUMAR BHAKTA,
Individually and as Co-Trustees
of THE BHAKTA FAMILY TRUST
DATED JANUARY 28, 1998, as
amended

.